**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00103-CRS
CRIMINAL ACTION NO. 1:97-CR-00022-CRS**

**TOMMY GENE CARRIGAN**                          **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                        **RESPONDENT/PLAINTIFF**

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

INTRODUCTION

This matter is before the Court on Defendant Tommy Gene Carrigan's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DN 36). The United States has responded with a motion to dismiss. Carrigan has not replied, and this matter is ripe for adjudication.

BACKGROUND

Carrigan was sentenced to a total of 488 months in prison following a conviction on two counts of bank robbery (18 U.S.C. § 2113(a)) and (d) as well as two counts of use of a firearm during the commission of a violent crime (18 U.S.C. § 924(c)(1)). Carrigan now seeks to challenge his conviction pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). For the reasons set forth below, this claim is time barred, and the undersigned recommends the petition be denied.

DISCUSSION

A one year statute of limitations applies to motions to vacate, set aside or correct sentence filed by persons in custody pursuant to a federal court judgment. The statute of limitations reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Generally, a conviction becomes final upon conclusion of direct review. *See* Sanchez–Castellano v. United States, 358 F.3d 424, 426 (6th Cir.2004) (citing United States v. Cottage, 307 F.3d 494, 498 (6th Cir.2002)). When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. *See* id. at 426–27 (citation omitted).

Here, Carrigan filed a direct appeal to the Sixth Circuit, and his sentence was upheld on April 23, 1999. United States v. Carrigan, 181 F.3d 104 (Table), 1999 WL 253596 (6th Cir. 1999). The ninety-day period in which Boyd could have petitioned for certiorari began to run on April 24, 1999, and expired on July 22, 1999. Therefore, the one year statute of limitations would have begun running on July 23, 1999, and expired 366 days later on July 22, 2000.[1] Carrigan did not file the instant petition until June of 2016 (DN 36), meaning that, absent a

---

[1] The year 2000 was a leap year.

showing that another date should toll his one-year statute of limitations, his petition is just shy of seventeen years past the deadline.

Carrigan maintains his petition is timely pursuant to the provision located at 28 U.S.C. § 2255(f)(3). The one-year time limit under § 2255(f)(3) runs from the date of the Supreme Court decision recognizing a new constitutional right. Dodd v. United States, 545 U.S. 353, 357 (2005). Carrigan believes the sentence enhancement he received is no longer constitutionally permissible in light of Johnson, 135 S.Ct. 2551. There, the Supreme Court held that the residual clause of the ACCA located at 924(e)(2)(B)(ii) violates due process because it is unconstitutionally vague. Id. at 2563. The Supreme Court recently held that Johnson announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S.Ct. 1257, 1264-68 (2016).

In light of the holding in Welch, Carrigan's § 2255 motion would be timely because his reliance on Johnson triggers the renewed one-year limitations period under § 2255(f)(3). However, Carrigan was not sentenced as an armed career criminal pursuant to § 924(e)(2)(B)(ii), but rather under § 924(c)(1) (DN 24 Judgment at PageID # 1 SEALED). As a result, Johnson and Welch do not apply to Carrigan's sentence, and the Sixth Circuit expressly held this in United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016). The fact that Carrigan was sentenced under a different provision than the one at issue in Johnson results in the conclusion that his petition is time barred. Therefore, the undersigned recommends the petition be denied.

The only remaining issue is whether a Certificate of Appealability should issue as to Carrigan's claim. In Slack v. McDaniel, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. Id. 529 U.S. 473, 484-85 (2000). To satisfy the first prong of the Slack

test, Carrigan must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." <u>Id.</u> at 484. To satisfy the second prong, Carrigan must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Carrigan makes an insufficient showing on one part. <u>Id.</u> at 485.

Here, no reasonable jurist would find it debatable that <u>Johnson</u> does not apply to Carrigan's sentence. And, no reasonable jurist would find it debatable that Carrigan's claim is time barred. As a result, the undersigned need not consider the prejudice prong and recommends that no Certificate of Appealability be issued as to this claim.

## **RECOMMENDATION**

For the forgoing reasons, the undersigned recommends Carrigan's petition (DN 36) be **DENIED**. The Undersigned further recommends that no Certificate of Appealability issue as to this petition.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy

shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies: Tommy Gene Carrigan, *pro se*
Counsel of Record