UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

TOMMY GENE CARRIGAN                                                                 MOVANT

v.                                                        CRIMINAL ACTION NO. 1:97-CR-00022-CRS
                                                          CIVIL ACTION NO. 1:16-CV-00103-CRS

UNITED STATES OF AMERICA                                                         RESPONDENT

## MEMORANDUM OPINION AND ORDER

Tommy Gene Carrigan moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 36. He challenges his conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mem. Supp. Mot. Vacate 1, ECF No. 36-1. The United States responded with a motion to dismiss, ECF No. 42. Carrigan did not reply. The magistrate judge made findings of fact, conclusions of law, and a recommendation. R. & R., ECF No. 43. Carrigan did not object. For the reasons below, the Court will deny Carrigan's § 2255 motion to vacate.

When reviewing a magistrate judge's report and recommendation, the Court must make a *de novo* determination of those portions to which objections are filed. 28 U.S.C. § 636(b)(1)(c). But when the movant does not object, the Court need not "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, a movant who fails to object to a report and recommendation waives his right to appeal the district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nonetheless, this Court has reviewed Carrigan's motion to vacate, the United States' motion to dismiss, and the magistrate judge's report and recommendation. In 1997, Carrigan pleaded guilty to two counts of bank robbery under 18 U.S.C. § 2113(a) and (d) and two counts

1

of use of a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c)(1). R. & R. 1, ECF No. 43. This Court sentenced Carrigan to 488 months in prison. *Id.* The Court of Appeals for the Sixth Circuit upheld his conviction on April 23, 1999. *Id.* at 2. On June 23, 2016, Carrigan filed the instant motion to vacate. *Id.*; Mot. Vacate 1, ECF No. 36.

The magistrate judge correctly found that Carrigan's motion was filed after the one-year statute of limitations for motions under 28 U.S.C. § 2255 had run. R. & R. 2–3, ECF No. 43. The magistrate judge also correctly determined that *Johnson* does not apply to Carrigan's sentence because *Johnson* invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), rather than 18 U.S.C. § 924(c). *Id.* at 3. As noted, the Sixth Circuit recently held that *Johnson* did not invalidate 18 U.S.C. § 924(c). *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016). Thus, because *Johnson* does not apply, Carrigan's motion to vacate is time-barred.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that the Court **ACCEPTS** and **ADOPTS** the findings of fact, conclusions of law, and recommendations of the magistrate judge (DN 43).

Furthermore, **IT IS HEREBY ORDERED AND ADJUDGED** that the petition of the movant, Tommy Gene Carrigan, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 36) is **DENIED**.

Finally, **IT IS HEREBY ORDERED AND ADJUDGED** that the request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

August 8, 2017

Charles R. Simpson III, Senior Judge
United States District Court